Dear Mr. Todora:
As Sarasota County Property Appraiser, you have asked for my opinion on substantially the following question:
Can an improvement on land leased for an initial ninety-nine (99) year term qualify for a homestead exemption?
According to your letter, the Community Housing Trust of Sarasota County, Florida, a Florida not-for-profit entity, is acquiring single family platted lots in the county. Some lots have homes constructed on them and some of the lots are currently undeveloped. After a lot is acquired, the trust enters into a ninety-nine year lease, renewable for one ninety-nine year term, with a family seeking to make the property their home. The lease provides that any improvements on the property are part of the leased premises. At the end of the lease term, any improvements revert to the trust. This property is not a condominium or cooperative unit under Florida law.
Florida law recognizes that unless expressly exempted from taxation all real and personal property in the state is subject to taxation.[1]
Florida's homestead exemption from taxation is contained in Article VII, section 6, Florida Constitution, which provides an exemption from ad valorem taxation for "[e]very person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner. . . ." The real estate may be held by "legal or equitable title, by the entireties, jointly, in common, as a condominium, or indirectly by stock ownership or membership representing the owner's or member's proprietary interest in a corporation owning a fee or a leasehold initially in excess of ninety-eight years."[2] The terms "real estate," "realty," "land," and "real property" are used interchangeably throughout the taxation statutes and mean "land, buildings, fixtures, and all other improvements to land."[3]
The Legislature has implemented Article VII, section 6, Florida Constitution, by adopting section 196.031(1), Florida Statutes, which provides:
"Every person who, on January 1, has the legal title or beneficialtitle in equity to real property in this state and who resides thereon and in good faith makes the same his or her permanent residence, or the permanent residence of another or others legally or naturally dependent upon such person, is entitled to an exemption from all taxation, except for assessments for special benefits, up to the assessed valuation of $5,000 on the residence and contiguous real property, as defined in s. 6, Art. VII of the State Constitution. Such title may be held by the entireties, jointly, or in common with others, and the exemption may be apportioned among such of the owners as shall reside thereon, as their respective interests shall appear. If only one of the owners of an estate held by the entireties or held jointly with the right of survivorship resides on the property, that owner is allowed an exemption of up to the assessed valuation of $5,000 on the residence and contiguous real property. However, no such exemption of more than $5,000 is allowed to any one person or on any one dwelling house, except that an exemption up to the assessed valuation of $5,000 may be allowed on each apartment or mobile home occupied by a tenant-stockholder or member of a cooperative corporation and on each condominium parcel occupied by its owner. Except for owners of an estate held by the entireties or held jointly with the right of survivorship, the amount of the exemption may not exceed the proportionate assessed valuation of all owners who reside on the property. Before such exemption may be granted, the deed or instrument shall be recorded in the official records of the county in which the property is located. The property appraiser may request the applicant to provide additional ownership documents to establish title."[4] (e.s.)
Section 196.041, Florida Statutes, delineates those holding equitable title to homestead property who may claim a homestead exemption. Subsection (1) of the statute provides, in part:
"Vendees in possession of real estate under bona fide contracts to purchase when such instruments, under which they claim title, are recorded in the office of the clerk of the circuit court where said properties lie, and who reside thereon in good faith and make the same their permanent residence; persons residing on real estate by virtue of dower or other estates therein limited in time by deed, will, jointure, or settlement; and lessees owning the leasehold interest in a bona fidelease having an original term of 98 years or more in a residentialparcel or in a condominium parcel as defined in chapter 718, or persons holding leases of 50 years or more, existing prior to June 19, 1973, for the purpose of homestead exemptions from ad valorem taxes and no other purpose, shall be deemed to have legal or beneficial and equitable title to said property. . . ."[5] (e.s.)
The statute recognizes that lessees who own a bona fide leasehold interest in a residential parcel with a term of 98 years or more qualify for a homestead exemption. According to the information you have supplied to this office, the leasehold contract into which the Community Housing Trust of Sarasota County, Florida, enters is for a 99-year term with a possible renewal term of an additional 99 years. This lease term would definitely meet the statutory requirement.
In sum, section 196.041(1), Florida Statutes, provides that lessees who own a bona fide leasehold interest in a residential parcel with a term of 98 years or more qualify for a homestead exemption. Further, the Florida Statutes define "real property" as that term is used for taxation purposes to include buildings, fixtures and all other improvements to land. Thus, a leasehold of residential property including a home for a term in excess of 98 years would appear to qualify under Article VII, section 6(a), Florida Statutes, for a homestead exemption.
Questions relating to the technical aspects of valuation of particular property for homestead tax exemption purposes should be directed to the Department of Revenue. The department is charged with interpreting Florida's tax code and adopting administrative rules implementing these statutes.[6]
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] Section 196.001, Fla. Stat.
[2] Article VII, s. 6(a), Fla. Const.; and see, Rule 12D-7.008, Fla. Admin. C.
[3] Section 192.001(12), Fla. Stat. And see, Op. Att'y Gen. Fla. 74-350A (1974) (holder of title to leasehold subject to taxation as real estate, is vested with legal title to realty sufficient to support claim for homestead exemption under Article VII, s. 6, Fla. Const., and s.196.031, F.S., assuming other homestead requirements are met).
[4] And see s. 196.031(5), Fla. Stat., which provides that the homestead exemption "applies only to those parcels classified and assessed as owner-occupied residential property or only to the portion of property so classified and assessed."
[5] And see Rule 12D-7.008, Fla. Admin. C., "Homestead Exemptions — Legal or Equitable Title," which provides in subsection (8) that "[a] person who owns a leasehold interest in either a residential or a condominium parcel pursuant to a bona fide lease, having an original term of 98 years of more, shall be deemed to have legal or beneficial and equitable title to that property for the purpose of homestead exemption and no other purpose."
[6] See ss. 20.21, 195.002, and 213.06, Fla. Stat.